UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SONYA H.,[1]　　　　　　　　　　　　　　　　　　　　Case No. 1:20-cv-625

　　　　Plaintiff,　　　　　　　　　　　　　　　　　　Bowman, M.J.

　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sonya H. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents three claims of error for this Court's review. The Commissioner's finding of non-disability will be AFFIRMED because it is supported by substantial evidence in the record as a whole.[2]

**I. Summary of Administrative Record**

Plaintiff applied for disability benefits in November 2017, alleging disability beginning August 22, 2016, due to hypertension, kidney disease, and chronic fatigue (Tr. 652-54, 730). After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ"). At a hearing held on June 11, 2019, Plaintiff appeared with counsel and gave testimony before ALJ Lee Lewin; a vocational expert ("VE") also testified. On July 22, 2019, the ALJ issued

---

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.
[2]The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

1

an adverse written decision, concluding that Plaintiff was not disabled. (Tr. 11-22). The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was 48 years old on her alleged date of disability. She completed high school and obtained an associate's degree. She has past relevant work as a personnel recruiter and sales clerk.

The ALJ determined that Plaintiff has severe impairments of "hypertension, chronic kidney disease stage III, chronic fatigue syndrome, and depression. (Tr. 14). The ALJ also noted a history of migraine headaches, degenerative disc disease and fibromyalgia but found those to be nonsevere. (*Id.*) Although Plaintiff argued at the hearing that her impairments were of listing level severity, the ALJ found that none of the impairments, alone or in combination, met or medically equaled any Listing in 20 C.F.R. Part 404, Subpart P, Appx. 1, such that Plaintiff would be entitled to a presumption of disability. (*Id.*)

The ALJ determined that Plaintiff could perform light work, subject to the following limitations:

> [S]he cannot climb ladders, ropes and scaffold, can occasionally stoop and must avoid all exposure to hazards including dangerous moving machinery, and unprotected heights. She must avoid concentrated exposure to wetness and vibration and must avoid fast paced production work or work with strict quota requirements, can have occasional superficial contact with coworkers, supervisors and the public and can adapt to occasional routine workplace changes.

(Tr. 16).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work but still could perform other jobs that exist

2

in significant numbers in the national economy, including marker, small products assembler and inspector/hand packager. (Tr. 21). Therefore, the ALJ determined that Plaintiff was not under a disability. (Tr. 44). Plaintiff urges this Court to reverse, arguing that ALJ erred by: (1) improperly determining that Plaintiff could perform light work; (2) failing to find that Plaintiff's migraine headaches and fibromyalgia were severe impairments; and (3) failing to obtain testimony from a medical expert. The Court finds no reversible error.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

4

**B. The ALJ's Decision is Substantially Supported**

*1. The ALJ's RFC Assessment*

Plaintiff's first assignment of error challenges the ALJ's RFC assessment. Specifically, Plaintiff argues that the ALJ's RFC determination cannot be sustained because he failed to consider Plaintiff's use of a cane. As such, Plaintiff argues this matter should be remanded for further consideration of her reliance on a four-prong cane for ambulation. Plaintiff's contention is unavailing.

The RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). It is a determination based on all of the relevant medical and other evidence and is ultimately an administrative determination reserved to the Commissioner. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). Plaintiff has the burden to provide evidence to establish his RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p. While the ALJ must determine Plaintiff's RFC, based upon all relevant evidence, "the ALJ is not required to produce evidence and affirmatively prove that a claimant can lift a certain weight or walk a certain distance." *Martise v. Astrue*, No. 4:08-CV-1380, 2010 WL 889826, at *22 (E.D. Mo. Mar. 8, 2010), aff'd, 641 F.3d 909 (8th Cir. 2011).

Plaintiff argues that a quad walking cane was prescribed for Plaintiff's chronic bilateral thoracic back pain and fibromyalgia by Dr. Rina Mina on September 6, 2018 (Tr. 56). Plaintiff further notes that a prescription is not required to obtain a cane but she did obtain such a prescription in order to receive financial assistance for the acquisition of the

5

assistive device. However, Dr. Mina did not include a written prescription with her records. Because the issue of a written prescription was raised at hearing, the Plaintiff supplied that prescription only hours after the hearing. Plaintiff now claims the ALJ chose to ignore the prescription for a cane in her RFC assessment. Plaintiff's contention lacks merit.

Social Security Ruling 96-9p addresses the issue of hand- held assistive devices, as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). "If a cane is not medically necessary, it cannot be considered a restriction or limitation on the plaintiff's ability to work, *Carreon v. Massanari*, 51 Fed. Appx. 571, 575 (6th Cir. 2002), and the administrative law judge is not required to reduce the claimant's RFC accordingly." *Lowe v. Comm'r of Soc. Sec.*, 2016 WL 3397428 at * 6 (S.D. Ohio June 21, 2016) (citing *Casey v. Sec'y of Health Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Here, as noted by the Commissioner, the ALJ found Plaintiff's cane use not medically necessary, not because Plaintiff did not timely submit evidence, but because Plaintiff's records show she could ambulate normally without a cane. (Tr. 17). In making this determination, the ALJ noted that Plaintiff testified that she uses a four-prong cane, however she determined that "there is no evidence of cane use in the record and no evidence of weakness, problems with ambulation, or unsteadiness that would support

6

cane use. (Doc. 17). The ALJ further noted that Plaintiff testified that she must elevate her legs during the day, however, "exams do not show she had edema/swelling and there are no recommendations that she use compression stockings." Id.

Notably, the record indicates that physicians consistently observed that she walked with a normal gait and demonstrated full strength and range of motion. (Tr. 17, 980, 1094, 1116, 1119, 1200, 1208, 1212, 1215, 1338-39, 1368, 1554). The undersigned recognizes that Plaintiff cites to a treatment note from November 2018 in which she complained of pain and stiffness. (Doc.12, at p. 7, citing Tr. 1552). However, at that same examination, Plaintiff walked with a normal gait. (Tr. 1554). Plaintiff notes that the treatment notes after the prescription for the cane are sparse; however, they do not adequately support a finding that Plaintiff did not need a cane after September 2018. Despite this assertion, Plaintiff fails to point to any record evidence indicating that Plaintiff needs a cane for ambulation.

Here, Dr. Mina's prescription states *in toto,* "Quad walking cane chronic bilateral thoracic back pain m54.6; g89.9 fibromyalgia m79.7 indications; fibromyalgia, chronic bilateral thoracic back pain." (Tr. 57). Plaintiff has advanced no medical documentation describing the circumstances for which a cane is needed, such as all the time, for certain distances, or for certain terrains, as SSR 96-9P requires. *See Golden v. Berryhill*, 2018 WL 7079506 at * 19 (N.D. Ohio Dec. 12, 2018) ("Moreover, as Dr. Balaji's confirmation of a cane prescription does not indicate 'the circumstances for which [the cane] is needed,' it does not fulfill the requirements under SSR 96-9p."); *Krieger v. Comm'r of Soc. Sec.*, 2019 WL 1146356 at * 6 (S.D. Ohio March 13, 2019) (finding ALJ did not err in not including a limitation for a cane where physician indicated claimant would need a cane

7

but did not describe the specific circumstances for which a cane is needed as required by SSR 96-9p); *Salem v. Colvin*, 2015 WL 12732456 *4 (E.D. Mich. Aug. 3, 2015) (finding the ALJ did not err in not including a limitation for a cane, when it had been prescribed, but the prescription did not "indicate the circumstances in which [the claimant] might require the use of a cane."); *Marko v. Comm'r of Soc. Sec.*, 2017 WL 3116246 at *5 (E.D. Mich. July 21, 2017) (rejecting claimant's assertion that the ALJ failed to account for her use of a cane, stating that nothing in the physician's "mere prescription for a cane provides evidence to indicate the frequency with which the cane should be used, its purpose, or its limit upon Plaintiff's ability to perform light work" (citations omitted)).

Upon careful review, the undersigned finds that substantial evidence supports the ALJ's decision to exclude the need for a cane from Plaintiff's RFC assessment. The ALJ's RFC assessment was based upon the record as a whole and properly considered Plaintiff's subjective reports, the diagnostic evidence, and the findings on examination. Accordingly, the ALJ's findings are supported by substantial evidence and should not be disturbed.

*2. Step Two Finding*

Plaintiff also argues that the ALJ erred because he did not find her migraine headaches and fibromyalgia to be severe impairments. This contention lacks merit.

For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability. See 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) ("an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience").

In his step two finding, the ALJ noted that Plaintiff also had several impairments he found to be non-severe. (Tr. 14). However, the ALJ found that there is no evidence that any of Plaintiff's non-severe impairments imposed more than minimal functional limitations on the Plaintiff's ability to perform work related activity. Accordingly, the undersigned finds that the ALJ's decision is substantially supported in this regard.

Here, the ALJ noted that while Plaintiff complain of headaches on a handful of occasions, she nevertheless showed no resultant functional deficits. (Tr. 18). The ALJ pointed to at a July 2018 examination wherein Plaintiff complained of headaches but demonstrated no abnormal neurological function as well as full ranges of motion, normal strength, and a normal gait. (Tr. 18, 1337-39). Plaintiff also cites to records showing she presented to the emergency room complaining of headaches in February 2018. (Doc. 12, at pp. 8-9). However, a contemporaneous physical examination yielded no functional deficits. (Tr. 18, 1118-19). With respect to Plaintiff's fibromyalgia, the ALJ correctly noted that the record lacks testing documenting the specific, bilateral tender points necessary to establish fibromyalgia as a medically determinable impairment. See Social Security Ruling 12-2p, 2012 WL 3104869. Similarly, Plaintiff cites to no evidence sufficient to establish fibromyalgia as a medically determinable impairment under the Agency's rules. (See Doc. 12, at p. 9).

Regardless, even if the Court found the ALJ erred, errors at step two of the sequential analysis will not necessarily require reversal, if the ALJ finds at least one "severe" impairment and therefore continues with the remaining steps in the sequential process. That is because in determining a plaintiff's residual functional capacity and ability to work later in the sequential process, the ALJ must consider even the impairments found

not to be "severe" at step two. *See Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); 20 C.F.R. § 404.1520. Thus, regulations require an ALJ to "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity. Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone...." 20 C.F.R. § 404.1545(e).

As noted by the Commissioner, the purpose of the severity inquiry at the second step of the sequential disability evaluation process is merely to screen out claims that are medically groundless. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("as this court has recognized, the severity requirement may still be employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint."). Where an ALJ determines that one or more impairments is severe at step two and proceeds with the sequential process, the ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *See Maziarz*, 837 F.2d at 244 (failure of Secretary to find that an impairment was severe was not reversible error because he found that claimant had other severe impairments); *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) ("Because the ALJ found that Pompa had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence."). Thus, Plaintiff has not established reversible error because the ALJ did not "screen out" her claim at step two. Rather, she found that Plaintiff had severe impairments at step two and proceeded to the remaining steps of the sequential

10

evaluation process, and explained his reasons for finding that Plaintiff did not have severe migraine headaches or fibromyalgia.

In doing so, the ALJ considered the totality of the record, including the records pertaining to Plaintiff's alleged migraines and fibromyalgia (Tr. 16-20). Thus, even if the ALJ should have found Plaintiff's headaches or fibromyalgia severe, the RFC nevertheless accounts for all of Plaintiff's symptoms evidenced by the record. Therefore, the Commissioner contends that Plaintiff has not established harmful error. *See Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). The undersigned agrees and finds that the ALJ adequately considered all of Plaintiff's conditions in determining her RFC and therefore did not err at step two of the sequential evaluation.

3. *Medical Expert*

Plaintiff's final assignment of error appears to assert that the ALJ improperly relied on the findings medical expert, Dr. Nimmagadda. More specifically, Plaintiff argues that her impairments were outside Dr. Nimmagadda's areas of expertise. (See Doc.12 at p. 9). Plaintiff also argues that Dr. Nimmagadda's testimony should not have been given significant weight because he did not examine Plaintiff. Id. Plaintiff's contentions lack merit.

The ALJ found Dr. Nimmagadda's testimony persuasive, noting:

Medical expert Dr. Nimmagadda testified as well and noted that the claimant's conditions of chronic hypertension, kidney disease, chronic fatigue, fibromyalgia, and migraine headaches. He indicated the claimant did not meet or equal a listing and noted many physical exams have been within normal limits. He noted she was described as reacting well to her medications, but conceded she may not be able to take some medications due to her kidney condition. He also noted he has worked with patients with chronic kidney disease and immune system related impairments (Hearing).

11

> These findings are found significantly persuasive. While the expert did not personally examine the claimant, he have the benefit of the full hearing level record and had the opportunity to receive the claimant's testimony. His testimony was straightforward, clear and supported by a range of physical exams and imaging. He offered citations and specific examples to support his opinions and is an expert source with knowledge of Agency standards and definitions- adding elements of consistency and reliability to his findings.

(Tr. 20).

Contrary to Plaintiff's assertions, Dr. Nimmagada specialized in internal medicine and treated patients with hypertension and kidney disorders (Tr. 451, 455). Moreover, the ALJ acknowledged that Dr. Nimmagadda did not examine Plaintiff, but nevertheless found his opinion persuasive because the opinion was supported by reference to the record and consistent with Plaintiff's benign physical examinations (Tr. 20). As noted by the Commissioner, these factors—supportability and consistency—the "most important" factors, and the only factors the ALJ was required to discuss explicitly. 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2)("The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be").

The ALJ also found Dr. Nimmagadda's opinion persuasive because he was familiar with Agency standards (Tr. 20). This is also a relevant factor under the regulations. 20 C.F.R. 404.1520c(c)(5), 416.920c(c)(5)("We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding. This includes, but is not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.").

In light of the foregoing, the undersigned finds that the ALJ's decision is substantially supported in this regard and should not be disturbed.

### III. Conclusion and Order

For the reasons stated, the ALJ's assessment of the evidence and formulation of Plaintiff's RFC in this case are substantially supported.  Accordingly, **IT IS ORDERED THAT** the decision of the Commissioner to deny Plaintiff DIB benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole.

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge
